FRIEBY
*vs.*
CHRETIEN ET AL.

FRIEBY *VS.* CHRETIEN ET AL.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

The circumstance of the plaintiff having proposed to take a less sum than
that which he claims, to avoid a suit, and which was not accepted, does
not preclude him from recovering the sum which he legally proves to be
due to him.

Propositions or admissions for the purpose of buying peace, or made to
avoid litigation, are not admissible in evidence in courts of common law;
and the adverse party will not be allowed to avail himself of them in the
courts of justice in Louisiana.

The plaintiff claims two hundred and forty dollars, which,
he alleges, Gerard & François D. Chretien justly owe him,
as a mechanic, for labor and services rendered. He alleges,
that he was employed by the defendants to work as a
mechanic, at the rate of fifty dollars per month, and his
boarding allowed him, from the 3d April, 1830, until the end
of the crop season. That the defendants unjustly discharged
him and threw him out of employment, which injured his
reputation as a mechanic and engineer, to his damage three
hundred dollars. He prays judgment for his wages and
damages, amounting to five hundred and forty dollars.

The defendant denied that the plaintiff was entitled to any
part of his account, because he left their plantation without
any just cause, and left his work incomplete and unfinished,
by which they sustained heavy damages, and would lose a
great part of their crop, amounting to five thousand eight
hundred and eleven dollars, according to an account annexed.
They pray that the plaintiff's demand be rejected, and that
they recover the sum claimed by them.

On the trial, the defendants' counsel asked a witness, "if
he was authorized by the plaintiff to propose to the defend-
ants to give him a certain sum not to institute a suit; and

whether he did not make the proposition, and whether the same exceeded fifteen or twenty dollars in amount." To which question the plaintiff's counsel objected as illegal evidence : which evidence was rejected by the court, and the decision excepted to by the defendants' counsel.

The cause was submitted to a jury, who returned a verdict of one hundred and fifty-two dollars for the plaintiff. Judgment was rendered in his favor against the defendants' confirming the verdict. They appealed.

*Lewis,* for the plaintiff, urged the affirmance of the judgment.

2. The objection to the question asked by the defendants' counsel of the witness was properly sustained : the question was illegal and the evidence inadmissible. 2 *Starkie on Evidence,* 37, *note* 9.

*Simon, contra.*

*Martin, J.,* delivered the opinion of the court.

This case is before us on a bill of exceptions.

The defendants having asked a witness whether he had not been authorized by the plaintiff to propose that they should pay him a certain sum, (fifteen or twenty dollars) on receipt of which he would forbear instituting a suit against them ; the plaintiff objected to the question being answered, and the objection was sustained.

It does not appear to us that the judge erred. The question was at least irrelevant. From the circumstance of the plaintiff having expressed a willingness to accept a less sum than that which he claimed, in order to avoid a suit, it cannot be concluded that, if the proposition be not accepted, he is not entitled to a verdict and judgment for the sum which he legally proves to be due to him.

From a reluctance to embark in litigation, many are induced to submit even to heavy sacrifices, in order to avoid the delays, expenses and vexations attendant thereon ; in other words, to buy their peace. To permit the persons to

The circumstance of the plaintiff having proposed to take a less sum than that which he claims, to avoid a suit, and which was not accepted, does not preclude him from recovering the sum, which he legally proves to be due to him.

Propositions or admissions for the purpose of buying peace, or made to avoid litigation, are not admissible in evidence in courts of common law, and the adverse party will not be allowed to avail himself of them in the courts of justice in Louisiana.

WESTERN DIST. whom such propositions are made to avail themselves of
September, 1836. them, to the injury of their adversaries, would be to shut the
door on pacification and reconciliation, and thus to perpetuate
contention and strife. Accordingly, in the courts of common
law, evidence of them is inadmissible. 2 *Starkie on Evidence*,
2d *American edition*, 37.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.